**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SELVIN VOSQUEZ,**<br><br>Plaintiff,<br><br>vs.<br><br>**A. PIGNA & SON MASON CONTRACTORS, INC., and ENRICO PIGNA, individually,**<br><br>Defendants. | Civil Action No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Selvin Vosquez ("Vosquez" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants A. PIGNA & SON MASON CONTRACTORS, INC., ("A. Pigna" or the "Corporate Defendant"), and ENRICO PIGNA, individually, (collectively, Defendants") and all other affiliated entities and/or joint employers and alleges as follows:

**<u>INTRODUCTION</u>**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

3. Beginning in approximately January 2004, and January 2018, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation at one and one half times the regular rate of pay as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, wages, liquidated damages, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt masonry duties for the Defendants based from their yard location of Scotch Plains, Union County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage, a masonry company in Union County, servicing customers

throughout New Jersey, further, Defendants purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Vosquez is an adult individual who is a resident of Union County, New Jersey.

11. Plaintiff Vosquez was employed by Defendants full time as a mason in furtherance of Defendants' masonry business, from in or about approximately January 2004, until approximately January 2019.

**Corporate Defendants**

12. A. PIGNA & SON MASON CONTRACTORS, INC., is a New Jersey limited liability company with its business being the Scotch Plains, Union County, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor services on behalf of the Defendants.

**Individual Defendant**

14. Upon information and belief, Individual Defendant Enrico Pigna is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, individual Defendant Enrico Pigna has been an owner, partner, officer and/or manager of the Defendant A. Pigna.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Enrico Pigna has had power over personnel decisions at the Defendant A. Pigna's business.

17. Defendant Enrico was regularly present at Defendants' Union, N.J. location and managed the day to day operations, controlled the employee pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**COLLECTIVE ALLEGATIONS**

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages at the proper rate of pay for all time worked in excess of 40 hours in any given week, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by

failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

24. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

25. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' restaurant.

26. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

FACTS

27. Based upon the information preliminarily available, and subject to discovery, beginning from in approximately January 2004, until approximately January 2019, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their masonry business.

28. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, at the proper rate for overtime hours worked in a work week.

29. Defendants refused to pay Plaintiff and similarly situated employees at an overtime rate for the hours that they worked in a work week in excess of forty (40) hours.

30. Plaintiff Vosquez was paid $15.00 per hour for all hours worked in a work week.

31. Plaintiff Vosquez worked approximately fifty-five (55) to sixty (60) hours per

workweek.

32. Regardless of the number of hours that Plaintiff worked each week, Defendants paid him the $15.00 per hour.

33. Defendants did not pay Plaintiff at one-and-one half times his regular rate of $15.00 per hour, mainly, $22.50 for all hours that he worked in excess of forty (40) in a work week.

34. Upon information and belief, employees similarly situated to Plaintiff were also not compensated at time and one half for the hours that they worked over forty (40) hours in a work week.

35. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

36. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

37. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled at the proper overtime rate for all hours worked in excess of forty(40) within a work week.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

38. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

39. Plaintiff is entitled to the proper rate of compensation for each of his overtime hours worked

each work week.

40. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

41. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

42. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

43. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

44. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

45. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

46. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

47. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated

employees suffered damages, including but not limited to past lost earnings.

**JURY TRIAL**

48. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, interest, attorneys' fees and costs as permitted under the NJWHL;

Dated: June 8, 2019

Respectfully submitted,

/s/ Andrew I. Glenn
Andrew I. Glenn
Email: Aglenn@jaffeglenn.com New Jersey Bar No.: 026491992
Jodi J. Jaffe, Esquire
E-mail: jjaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308