

301 North Harrison Street, 9F, #306, Princeton, NJ 08540
Tel: (201) 687-9977   Facsimile: (201) 595-0308   Toll: (866) 216-4124
Florida ● New Jersey ● New York

November 25, 2019

**VIA CM/ECF**
Judge Susan D. Wigenton, U.S.D.J.
United States District Court
Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 08608

   Re: Vosquez v. A. Pgnaa & Son Mason Contractors, Inc., et al.
     Dkt. No.: 2:19-cv-13562-SDW-LDW

Dear Honorable Judge Wigenton:

  We represent Plaintiff Selvin Vosquez ("Vosquez" or "Plaintiff") in this matter. Pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff Vosquez and Defendants A. Pigna & Son Mason Contractors, Inc., and Enrico Pigna  ("Defendants") (Plaintiff and Defendants collectively, the "Parties") submit this joint letter motion requesting the Court to approve the Parties' proposed Settlement Agreement and Release (the "Settlement Agreement") (Exhibit A), and to dismiss this case with prejudice per the enclosed Stipulation of Dismissal with Prejudice (Exhibit B). This letter motion is being presented resultant from this Honorable Court's opinion in *Chillogallo v. John Doe LLC #1*, 2018 WL 4735737, at *1 (D.N.J. 2018) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), case which holds that judicial approval  of a settlement is necessary in cases resolving allegations of violations of the Fair Labor Standards Act, 29 U.S.C. 201, et.al. ("FLSA" or "the Act").

## PROCEDURAL HISTORY

  By way of background, on or about June 8, 2019, a Collective Action Complaint was filed against Defendants on behalf of Selvin Vosquez, seeking damages for violations of the overtime provisions of the FLSA and associated New Jersey Wage and Hour Laws, , N.J.S.A. 34:11-56a et seq ("NJWHL") violations.

Since the commencement of this action, Defendants have made two (2) production of documents and the parties have engaged in settlement discussions with regard to liability and damages. The matter was finally resolved on November 1, 2019.

## **DISPUTED LEGAL ISSUES AND STANDARD FOR APPROVAL**

The issues of contention in this case are whether Mr. Vosquez was a manager and therefore was exempt from the overtime requirements of the FLSA, pursuant to 29 U.S.C. 213(b)(1) of the Act, as well as the number of hours Plaintiff worked each week for Defendants.

To avoid the costs associated with further litigation and the uncertainty of same, the Parties wish to fully and finally resolve all of Plaintiffs' claim in this action now. Therefore, the Parties seek the Court's approval of this settlement in accordance with the requirements of the FLSA and the decision of the Third Circuit in *Bettger v. Crossmark, Inc.*, 2015 U.S. Dist. LEXIS 7213 (3d Cir. 2015). Within the Circuit, district courts are applying the *Lynn's Food*, supra, factors in considering approval of FLSA claim settlements; That is, when reviewing a proposed settlement in a FLSA action, courts must find (1) a fair and reasonable resolution (2) of a bona fide dispute. *See Lynn's Foods*, 679 F.2d at 1354; *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337 at *2 (D.N.J. 2012); *Bredbenner v. Liberty Travel, Inc.*, 2011 WL 1344745 at *18.

For the reasons set forth below, the settlement reached by the Parties is a fair and reasonable resolution of a bona fide dispute and should be approved.

### **A.   A Bona Fide Dispute Exists Between the Parties**

A bona fide dispute exists between the parties as to liability and damages. A proposed settlement resolves a bona fide dispute where its terms reflect a reasonable compromise over issues that are actually in dispute. *Lynn's Food*, *supra*, at 1355. Plaintiff alleges that he is entitled to overtime and Defendants deny same, maintaining that Plaintiff is exempt from the overtime requirements of the FLSA and the NJWHL, based on managerial exemption of the Act. Further, the overtime hours claimed by Plaintiff were in a range, where on the upside, were greater than those delineated in time records produced by Defendant. A proposed settlement resolves a bona fide dispute where its terms reflect a reasonable compromise over issues that are actually in dispute. *Lynn's Food*, *supra*, at 1355.

Thus, in addition to the dispute over liability, in the instant matter, time records produced by the Defendants reflected that during his employment, Plaintiff worked approximately 55 hours of unpaid overtime, which supports Plaintiff's estimation of the low side of the range of the number of hours that he worked. Based on Defendant's records, if Plaintiff succeeded at trial, he would have yielded a recovery of approximately $18,980.00, inclusive of liquidated damages. This matter resolved with a recovery for Plaintiff of $16,000.00, which equates to a 169 % recovery of his actual damages as delineated in Defendant's time records. Plaintiff accepted this settlement amount in light of the uncertainty associated with recovery at a trial of this matter and therefore, a bona fide dispute, based on liability and damages, remains.

Having first determined that the settlement concerns a bona fide dispute, courts will

conduct a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employees, and (2) the agreement furthers the FLSA's implementation in the workplace. *See McGee v. Ann's Choice, Inc.*, No. 2014 WL 2514582, at *2 (E.D. Pa. June 4, 2014); *Lynn's Food*, Id. at 1353; *Brumley*, Id., at *4. A court should approve the settlement only if it is reasonable to the employee and furthers implementation of the FLSA in the workplace. Id.

### B.  The Settlement is a Fair and Reasonable Resolution of the Bona Fide Dispute"

#### 1.  The Settlement is Fair and Reasonable to the Plaintiff

The settlement to the Plaintiff is fair and reasonable. In light of the uncertainty as to both liability and damages, Defendants and Plaintiff agreed to a compromise settlement, with liability for purposes of settlement being assumed by Defendants and Plaintiff agreeing to Defendants' time records for a damage calculation. Based on these records, a 100% recovery would yield Plaintiff $18,900.00. The settlement to the Plaintiff was for $16,000.00, which equates to a 169 % recovery.

Further, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See Lynn's Food*, *Id.* at 1353-54; *Bredbenner*, *Id*. at *18. Like other jurisdictions, the Third Circuit recognizes a strong public policy in favor of settlement. *See Farris v. J.C. Penney, supra*, 176 F.3d at 711 (3d Cir. 1999). Indeed, "settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by the courts." *See D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997).

#### 2.  The Settlement Furthers Promotion of the FLSA in the Workplace

Once the settlement is deemed fair and reasonable, courts must then consider "whether the agreement furthers or frustrates the implementation of the FLSA in the workplace." *See Lynn's Food*, *Id.* at 1353; *Brumley*, 2012 WL 1019337, at *4. In making this determination, district courts, including those within the Third Circuit, primarily focus on whether or not settlement agreements contain confidentiality clauses and/or are vague or overly broad. *See e.g. Brown v.Trueblue, Inc.,* 2013 WL 5408575, at *3 (M.D. Pa. Sept. 25, 2013) (requirement of plaintiffs to keep settlement confidential or risk losing their awards frustrated implementation of FLSA); *Altenbach v. Lube Ctr., Inc.*, 2013 WL74251, at *2-3 (M.D. Pa. Jan. 4, 2013) (non-publication provision impermissibly frustrated implementation of the FLSA); *Brumley*, *Id.*, at *7 (approving settlement agreement, contingent on removal of confidentiality provision and overly broad prospective waiver of plaintiff's FLSA rights); *Bettger*, *Id*. at *8-10 (overly broad release is antithetical to FLSA and impermissibly frustrated implementation of otherwise fair and reasonable settlement).

This Court has found that including a confidentiality agreement in FLSA settlements violates the purpose of the FLSA because such an agreement "(1) empowers an employer to retaliate against an employee for exercising FLSA rights, (2) effects a judicial confiscation of

the employee's right to be free from retaliation for asserting FLSA rights, and (3) transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer." Brumley, 2012 WL 1019337, at *7.

This is not a concern here. The Settlement Agreement contains no confidentiality agreement. Further, the Settlement Agreement is narrowly tailored and not unduly restrictive to the Plaintiff as they release only state and federal wage and hour claims arising out of the facts alleged in this litigation. See Mabry, 2015 WL 5025810, at *2-3; Kraus, 2016 WL 125270, at *12. Therefore, the Settlement Agreement does not frustrate implementation of the FLSA in the workplace.

For the foregoing reasons, the settlement is a fair and reasonable resolution of a bona fide dispute between the Parties that does not frustrate implementation of the FLSA in the workplace and should be approved.

### C. The Compromise for Attorneys' Fees and Costs Should Be Approved as Fair and Reasonable

In the instant case, the Defendants have agreed to pay the compromise sum of $23,000.00 to resolve Plaintiff's claims for attorneys' fees and costs. The fees sought in this Motion are $6,575.00, and costs in the amount of $425.00; 30 % of the total recovery in this matter.

### CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court (a) approve the Settlement and Release Agreement; and (b) dismiss this action, with prejudice.

Respectfully Submitted,

/s Andrew I. Glenn
Andrew Glenn, Esq.

Joined by Defendant McCollister's Transportation Group, Inc.

/s David Cassidy
David Cassidy, Esq.
Counsel for Defendants

4